IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jarrel Lee Johnson,<br><br>Plaintiff,<br><br>v.<br><br>Darlington County Sheriff's Department, Hartsville Police Department,<br><br>Defendants. | ) | Case No. 4:26-cv-01703-SAC<br><br>**OPINION AND ORDER** |

This matter is before the Court on Plaintiff's Complaint, ECF No. 1, and a Report and Recommendation of the Magistrate Judge ("Report"), ECF No. 23. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings. For the reasons stated herein, this action is summarily DISMISSED without prejudice and without issuance and service of process.

## BACKGROUND

Plaintiff, a local inmate proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. Specifically, Plaintiff alleges he was excessively tased during his arrest on April 11, 2025 and did not receive medical treatment. *Id*. at 4-5. Plaintiff further alleges that while incarcerated, he has been deprived of recreational time, showers, and fresh air "for months at a time," did not receive two meals, and officers have allowed inmates to taunt him at his cell door. *Id*. at 5. Plaintiff contends his arrest on April 11, 2025, was in retaliation for his previous successful lawsuit in 2023 against the Marlboro County Detention Center/Sheriff's Department. *Id.* at 4; ECF No. 13 at 1. Plaintiff alleges his arrest was unlawful and being held without bond is a deprivation of his rights. ECF No. 13 at 3.

After Plaintiff's Complaint was entered on the docket, the Magistrate Judge issued an Order informing Plaintiff his Complaint was subject to dismissal as drafted because he made no allegations against "a person" acting under the color of state law. ECF No. 16 at 3. The Magistrate Judge explained that neither Defendant Darlington County Sheriff's Department nor Hartsville Police Department are a "person" subject to suit under § 1983. *Id.* Plaintiff was informed that if he failed to file an amended complaint or cure the deficiencies outlined in the Order by July 30, 2026, the Magistrate Judge would recommend his claims be dismissed with prejudice. *Id.* at 3-4. Plaintiff did not file an amended complaint.[1]

On August 5, 2026, the Magistrate Judge issued a Report recommending Plaintiff's claims be dismissed as Plaintiff failed to correct the identified deficiencies in his Complaint and therefore the Complaint fails to state a claim upon which relief can be granted. ECF No. 23. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 5. On August 21, 2026, the Clerk docketed Plaintiff's objections.[2] ECF No. 27.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a *de*

---

[1] Plaintiff sent the Magistrate Judge a letter in response to the Order. *See* ECF No. 19. However, the letter cannot be construed as an amended complaint.

[2] On August 14, 2026, Plaintiff sent a letter to the Magistrate Judge noting that while he has "pointed out the contradictions in the case law that [the Magistrate Judge has] submitted as Reports and Recommendations," Plaintiff does not "need to further explain to [the Court] the violation of [his] [c]onstitutional [r]ights, the conditions [he is] currently enduring, and [he is] being deprived (further) in dealing with [the Court]." ECF No. 26 at 1. The Court has considered this letter, ECF No. 26, along with the objections filed, ECF No. 27, in its review of the Report.

*novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

**ANALYSIS**

The Magistrate Judge recommends dismissing this action as Plaintiff fails to state a claim upon which relief can be granted because he filed this action against entities which are not a "person" subject to suit under § 1983. ECF No. 23 at 3. The Magistrate Judge also notes that, to the extent Plaintiff asserts claims against Defendants pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), such claims are also subject to summary dismissal, as *Bivens* claims can only be brought against federal employees in their individual capacities and not against state entities. ECF No. 23 at 3-4.

Plaintiff objects to the Report and notes that in another case in this District, *McDonald v. Marlboro County d/b/a Marlboro County Detention Center*, No. 5:12-cv-01725-RBH (D.S.C. Dec. 16, 2013), suing a state agency under § 1983 "was not considered an issue as [the Magistrate Judge] claim[s]." ECF No. 27 at 1. However, the court in *McDonald* reviewed plaintiff's cause of action pursuant to 42 U.S.C. § 1983 and determined that defendant Marlboro County d/b/a the Marlboro County Detention Center "is likely not the proper party to assert this claim against." *See* Order, *McDonald v. Marlboro Cnty.*, No. 5:12-cv-01725-RBH (D.S.C. Dec. 16, 2013), ECF No. 64. Further, in analyzing a proposed amendment to the complaint to add the Marlboro County Sheriff and the Marlboro County Sheriff's Department, the court concluded that "a Sheriff's Department is an arm of the state and thus is not a person subject to suit under § 1983." *Id.*

The Court agrees with the recommended dismissal of this action and overrules Plaintiff's

objection. There are two essential elements to a claim under 42 U.S.C. § 1983: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) the alleged violation was committed *by a person* acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Here, the named Defendants are the Darlington County Sheriff's Department and the Hartsville Police Department. Such entities are not a "person" subject to suit under § 1983. *See Harris v. Ryant*, No. 7:18-cv-0716-TMC-KFM, 2018 WL 7825495, at *4 (D.S.C. May 3, 2018) (finding the Spartanburg Police Department is not a 'person' subject to suit in a § 1983 action and dismissing it from the suit), *Report and Recommendation adopted by* 2019 WL 926419 (D.S.C. Feb. 26, 2019).

Plaintiff's remaining objections, liberally construed, fail to address the Report's findings and recommendations. Nevertheless, out of an abundance of caution for the *pro se* party, the Court has conducted a *de novo* review of the entire Report, the record, and applicable law.

## CONCLUSION

For the reasons discussed above, the Report and Recommendation, ECF No. 23, is adopted and incorporated by reference. This action is accordingly **SUMMARILY DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

United States District Judge

November 20, 2026
Florence, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.